UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MARILYN THEARD                                    CIVIL ACTION

Versus                                            NO. 10-4165

DEPARTMENT OF CIVIL SERVICE, STATE OF             SECTION: "F"
LOUISIANA, ET AL.

ORDER AND REASONS

Before the Court is defendants' Rule 12(b)(6) motion to dismiss.  For the following reasons, the motion is GRANTED.

Plaintiff worked as a registered nurse at the Huey P. Long Hospital, a private hospital, for many years.  After Hurricane Katrina, she began to have mental health problems, which one doctor has diagnosed as post-traumatic stress disorder and anxiety attacks.  Toward the end of 2007, because of her mental health, Ms. Theard began to receive negative feedback from the hospital supervisors about her job performance.  She was told that she did not prioritize tasks on her unit, and that she had been late to work without prior authorization.  She was terminated by the hospital in late December 2007.  The Louisiana State Board of Nursing suspended plaintiff's license on March 11, 2009, after a hearing.  The Board found that plaintiff was no longer able to practice nursing with reasonable skill and safety; that she had a physical or mental impairment which interfered with her work, and that she had shown signs of being under the

1

influence of drugs or alcohol while at work.

Plaintiff filed suit in November 2010.  She sued the Louisiana State Department of Civil Service, the Huey P. Long Hospital, the National Practitioner Data Bank, the United States Equal Employment Opportunity Commission, the Louisiana State Board of Nursing, and the Louisiana State Employees Retirement System.  In March 2011, on request of the plaintiff, the Court dismissed the Department of Civil Service, the Hospital, the Data Bank and the Commission with prejudice.  Plaintiff also dismissed the Board, as well as the Retirement System without prejudice.  Plaintiff later reopened her case as to the Nursing Board and Retirement System.  Plaintiff says the Board discriminated against her on the basis of her race and disability, in violation of the Americans with Disabilities Act ("ADA").  She also alleges retaliation by the Board.  Further, plaintiff claims that the Retirement System unlawfully denied her retirement benefits.

Defendants first ask the Court to transfer venue of this case under 28 U.S.C. § 1406 from the Eastern District of Louisiana to the Middle District because venue here is improper. Plaintiff opposes transfer because she lives in New Orleans.  The Court finds that the defendants have waited too long to raise the issue of improper venue.  Section 1406(b) states that "Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and

2

sufficient objection to the venue." Plaintiff filed her lawsuit almost one year ago. The defendants' objection to venue now is untimely.

The defendants also ask the Court to transfer this case to the Middle District based on 28 U.S.C. § 1404(a), which allows a change of venue where "[f]or the convenience of parties and witnesses, [and] in the interest of justice," a transfer is appropriate. The Court finds that in this case transfer is also inappropriate under § 1404. This case does not appear to be one that will need extensive discovery and as such the convenience of witnesses, or the production of documents is not a serious consideration.

Defendants next ask the Court to dismiss plaintiff's ADA claim because she filed it too late with the Commission. The Court agrees. The record shows that plaintiff filed a charge of discrimination with the Commission sometime in July 2010. In her discrimination charge, plaintiff said that the Board discriminated against her because of her disability. Even under the most generous 300 day time limit for filing such claims, plaintiff's claim was filed too late. See 42 U.S.C. § 2000e-5(e)(1). Her charge of discrimination claims that the alleged discrimination took place in November 2008. Plaintiff waited more than a year and a half to file her claim. The Commission recognized this, and notified plaintiff that her claim

was untimely.  Because she waited too long to file her claim against the Board, the Court dismisses, with prejudice, plaintiff's ADA claim as untimely filed.

No argument has been made to support dismissal of the plaintiff's retaliation claim.  Accordingly, the Court does not address this claim.

Defendants also ask the Court to dismiss plaintiff's allegations against the Retirement System for failure to state a claim on which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555 (quotation marks, citations, and footnote omitted).  In deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true.  Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

The Court cannot determine what claim the plaintiff is bringing against the Retirement System.  Although plaintiff says that she wants the Retirement System to give her retirement

4

benefits, she does not show what the Retirement System has done wrong, or why this Court has any lawful authority to consider her claim.

Accordingly, IT IS ORDERED:  The defendants' motion to dismiss is GRANTED.

New Orleans, Louisiana, September 21, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE