**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MARILYN THEARD**                                    **CIVIL NO. 10-4165**

**VERSUS**

**DEPARTMENT OF CIVIL SERVICE, STATE OF**        **SECTION: G**
**LOUISIANA; HUEY P. LONG HOSPITAL;**
**LOUISIANA STATE BOARD OF NURSING;**
**LOUISIANA STATE EMPLOYEES' RETIREMENT**
**SYSTEM; NATIONAL PRACTITIONER DATA**
**BANK; and U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**


**ORDER AND REASONS**

Defendants Louisiana State Board of Nursing and Louisiana State Employees' Retirement

System (collectively, "Defendants") filed a Motion for Relief from Judgment on December 13,

2011,[1] seeking to correct two purported errors in the September 21, 2011 order of Section "F"

dismissing the case.[2]  Specifically, Defendants seek to strike language in the Court's order regarding

the existence of a retaliation claim against Defendant Louisiana State Board of Nursing ("LSBN")

and seek to strike language stating that Defendants did not timely raise the issue of improper venue.

Having considered the motion, the pleadings, and the applicable law, the Court will grant in

part and deny in part the Motion for Relief from Judgment.

---

[1] Rec. Doc. 63.

[2] Rec. Doc. 56.  This order, from which relief is sought, was issued by Judge Martin C.
Feldman, Section "F" of the United States District Court for the Eastern District of Louisiana
prior to the case being transferred to the present Section, Section "G" of this Court.

1

## I. Background

On November 1, 2010, Plaintiff *pro se* Marilyn Theard ("Plaintiff") filed her original complaint in this action against defendants LSBN, Louisiana Department of Civil Service, Louisiana State Employees Retirement System ("LASERS"), and Huey P. Long Hospital (collectively "state agency defendants").[3] Also made defendants were the Equal Employment Opportunity Commission and the National Practitioners Data Bank.[4] The state agency defendants then filed a Motion to Dismiss on January 12, 2011.[5] In that Motion, the state agency defendants argued that the case should be dismissed for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. However, before the Court ruled on the Motion, Plaintiff filed a Notice of Voluntary Dismissal[6] and a Motion to Dismiss Complaint With and Without Prejudice.[7]

On March 14, 2011, the Court dismissed with prejudice Plaintiff's claims against Louisiana Department of Civil Service, Huey P. Long Hospital, National Practitioner Data Bank, and U.S. Equal Employment Opportunity Commission; the Court dismissed without prejudice the claims against LSBN and LASERS.[8]

---

[3] Rec. Doc. 1.

[4] *Id.*

[5] Rec. Doc. 20.

[6] Rec. Doc. 28.

[7] Rec. Doc. 29.

[8] Rec. Doc. 30.

Plaintiff then filed a Motion to Reopen Case on June 2, 2011,[9] and filed a Motion for Leave to File Second Amended Complaint on July 18, 2011.[10]  The Court granted in part the Motion to Reopen Case, as to defendants LSBN and LASERS only.[11]  At that time, the Court also denied Plaintiff's Motion for Leave to File Second Amended Complaint.[12]  Defendants LSBN and LASERS then filed a Motion to Dismiss on August 25, 2011,[13] which the Court granted on September 21, 2011.[14]  The matter was transferred to Section "G" of this Court on October 7, 2011.[15]

It is this September 21 order that is the subject of the present Motion for Relief from Judgment, which was filed December 13, 2011.[16]  No memorandum in opposition to the Motion for Relief from Judgment, which was set for hearing on January 18, 2012, was submitted, timely or otherwise.

## II.  Law and Analysis

First, the motion is unopposed.   Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the date set for hearing on the

---

[9] Rec. Doc. 34.

[10] Rec. Doc. 38.

[11] Rec. Doc. 42.

[12] *Id.*

[13] Rec. Doc. 44.

[14] Rec. Doc. 56.

[15] Rec. Doc. 59.

[16] Rec. Doc. 63.

motion.  This Court has authority to grant a motion as unopposed, although it is not required to do so.[17]

Second, Rule 60(a) of the Federal Rules of Civil Procedure provides that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Grounds for such relief include, among other things, "mistake, inadvertence, surprise, or excusable neglect," and "any other reason that justifies relief."[18]  A motion for relief from judgment must be made within a reasonable time.[19]  Accordingly, this Court may correct the September 21 order issued by Section "F" of this Court, to the extent that any errors existed within the order, if the motion was filed within a reasonable time.

As to Defendants' argument that the record does not reflect that Plaintiff alleged any retaliation by LSBN, this Court directs Defendants to their own Memorandum in Support of Motion for Relief from Judgment.[20]  In their Memorandum in Support, Defendants state, "Plaintiff alleges that the aforementioned (originally named) defendants engaged in discriminatory conduct toward plaintiff on the basis of race, disability and *retaliation*."[21]  As LSBN was one of the "aforementioned (originally named)" defendants, Defendants have indicated that Plaintiff did allege retaliation against Defendant LSBN.  Accordingly, according to Defendants own memorandum, they were on notice and proceeding in defense of a retaliation claim.

---

[17] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[18]  Fed. R. Civ. P. 60(b).

[19] Fed. R. Civ. P. 60(c)(1).

[20] Rec. Doc. 63-1.

[21] *Id.* at p. 1 (emphasis added).

4

Next, as to whether Defendants timely raised the issue of improper venue, this Court finds that they did.  Rule 12 of the Federal Rules of Civil Procedure provides that the defense of improper venue is waived when it is not asserted by motion prior to the filing of a responsive pleading.[22]  Here, however, Defendants asserted the defense in their first Motion to Dismiss, filed on January 12, 2011,[23] and prior to filing an answer.  Furthermore, raising the issue of improper venue along with other Rule 12 defenses did not waive the objection because the Federal Rules of Civil Procedure provide that any Rule 12 motion may be joined with any other Rule 12 motion.[24]  Accordingly, the issue of improper venue was not waived and was timely raised, and so the Court, in Section "F", was in error to state otherwise.  This error should be corrected under Rule 60(a).

For the reasons set forth above,

**IT IS ORDERED** that Defendant's Motion for Relief from Judgment is **GRANTED IN PART** and **DENIED IN PART**.  The Court will deny Defendants' request to strike the language regarding the allegation of a retaliation claim against LSBN but will grant Defendants' request to strike the language concerning whether Defendants timely raised the issue of improper venue.

**IT IS ORDERED** that the Court's order of September 21, 2011[25] is hereby corrected to strike and omit the following language:

> The Court finds that the defendants have waited too long to raise the issue of improper venue.  Section 1406(b) states that "Nothing in this

---

[22] Fed. R. Civ. P. 12(b),(h).

[23] Rec. Doc. 20, ¶ 3.

[24] Fed. R. Civ. P. 12(g)(1) ("A motion under this rule may be joined with any other motion allowed by this rule.").

[25] Rec. Doc. 56.

chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." Plaintiff filed her lawsuit almost one year ago. The defendants' objection to venue now is untimely.

**NEW ORLEANS, LOUISIANA**, this __6th__ day of February, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**