## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARILYN THEARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-4165** |
| **DEPARTMENT OF CIVIL SERVICE, STATE OF LOUISIANA, et. al.** | **SECTION: "G" (1)** |

### ORDER AND REASONS

Before the Court is *pro se* Plaintiff Marilyn Theard's ("Theard") Motion to Reopen Case,[1] filed on September 28, 2012, and a second Motion to Reopen Case,[2] which Theard subsequently filed with leave of Court on October 11, 2012.[3]  Having considered the motions, the response, the record, and the applicable law, the Court will deny the pending motions.

### I.  Background

On November 1, 2010, Theard filed the complaint in this action in the Eastern District of Louisiana.  The case was allotted to Judge Martin L.C. Feldman, Section "F" of this Court.  In the Complaint, Theard asserted claims against defendants Louisiana State Board of Nursing ("LSBN"), Louisiana Department of Civil Service, Louisiana State Employees Retirement System ("LASERS"), and Huey P. Long Hospital (collectively "state agency defendants")

---

[1] Rec. Doc. 81. Theard's first motion to reopen is actually entitled "Motion To Reopen Case Dismiss Case Submitted in Error Have Discovery of New Evidence And to Ask for a Settlement Conference I Have Tried to Work with the Board Lawyers to No Avail."

[2] Rec. Doc. 83.  Theard's second motion to reopen is actually entitled "Motion To Reopen Case, Dismiss Case Submitted in Error I was Unaware that the Court Had Dismissed the Board Without Prejudice, I Have Discovery of New Evidence Conti[n]ue this Case In Forma [Pauperis] and Pro Se And to Ask for a Settlement Conference I Have Tried to Work with the Board Lawyers to No Avail."

[3] In the second motion to reopen filed on October 11, 2012, Theard restates the arguments set forth in the motion filed on September 28, 2012, and also includes additional facts, arguments, and documentation.  Therefore, the Court will construe the motions as one motion to reopen.

seeking, *inter alia*, the restoration of her nursing license, lost wages, and retirement benefits.[4] Also named as defendants were the Equal Employment Opportunity Commission and the National Practitioners Data Bank, although they were never served.[5]   The state agency defendants subsequently filed a Motion to Dismiss on January 12, 2011.[6]   In the motion to dismiss, the state agency defendants argued that the case should be dismissed for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.

Before the Court ruled on the state agency defendants' motion to dismiss, Theard filed a Notice of Voluntary Dismissal[7] and a Motion to Dismiss Complaint With and Without Prejudice.[8]  On March 14, 2011, the Court granted Theard's motion to voluntarily dismiss with prejudice the claims against Louisiana Department of Civil Service, Huey P. Long Hospital, National Practitioner Data Bank, and the Equal Employment Opportunity Commission; and dismissed without prejudice the claims against LSBN and LASERS.[9]   On March 15, 2011, after the Court granted Theard's motion to dismiss her complaint, she filed an Amended Motion to Dismiss Complaints With and Without Prejudice.[10]   On March 17, 2011, the Court denied as moot Theard's amended motion to dismiss.[11]

---

[4] Rec. Doc. 1.

[5] *Id.*

[6] Rec. Doc. 20.

[7] Rec. Doc. 28.

[8] Rec. Doc. 29.

[9] Rec. Doc. 30.

[10] Rec. Doc. 31.

[11] Rec. Doc. 33.

Theard subsequently filed the first Motion to Reopen Case on June 2, 2011,[12] and then filed a Motion for Leave to File Second Amended Complaint on July 18, 2011.[13]  On July 21, 2011, the Court ordered additional briefing from the parties as to whether the Court should reopen the case under the standards applicable to Federal Rule of Civil Procedure 60(b).[14]  On August 12, 2011, the Court granted in part the motion to reopen the case, as to defendants LSBN and LASERS only, but did not provide written reasons.[15]  At that time, the Court also denied Theard's Motion for Leave to File Second Amended Complaint.[16]

Defendants LSBN and LASERS then filed a Motion to Dismiss on August 25, 2011.[17] Prior to the Court's ruling, Theard filed a Motion for Settlement Out of Court, which was denied on September 13, 2011, because it did not seek specified action from the Court.[18]  On September 21, 2011, this Court granted LSBN and LASERS' Rule 12(b)(6) motion, and dismissed Theard's Americans with Disabilities Act ("ADA") claim as untimely and all allegations against the Retirement System for failure to state a claim upon which relief can be granted.[19]  The Court did not dismiss Theard's retaliation claim, noting that LSBN and LASERS made no such request.[20]

---

[12] Rec. Doc. 34.

[13] Rec. Doc. 38.

[14] Rec. Doc. 39.

[15] Rec. Doc. 42.

[16] *Id.*

[17] Rec. Doc. 44.

[18] Rec. Docs. 50, 51.

[19] Rec. Doc. 56 at pp. 4-5.

[20] *Id.* at p. 4.

This matter was then transferred to Section "G" of this Court on October 7, 2011.[21]  On December 13, 2011, LSBN and LASERS filed a Motion for Relief from Judgment from the September 21, 2011 Order issued by Judge Feldman, asking the Court to strike language in the Order regarding (1) the existence of a retaliation claim by Theard against LSBN, and (2) that the defendants did not timely raise the issue of improper venue.[22]  This Court denied the request to strike the language regarding the existence of a retaliation claim against LSBN, but granted LSBN and LASERS' request to strike the language pertaining to the untimeliness of their objection to improper venue.[23]

On February 17, 2012, Theard filed a second Motion to Dismiss her claims as to the two remaining defendants, LSBN and LASERS.[24]  Specifically, Theard requested that LASERS be dismissed with prejudice and that LSBN be dismissed without prejudice.  On February 27, 2012, this Court granted the motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2), ordering that all claims against LASERS be dismissed with prejudice and that all claims against LSBN be dismissed without prejudice.[25]

On September 28, 2012, Theard filed the pending Motion to Reopen Case,[26] and on October 11, 2012 she filed a second Motion to Reopen Case[27] (collectively, the "motion to

---

[21] Rec. Doc. 59.

[22] Rec. Doc. 63.

[23] Rec. Doc. 78 at pp. 5-6.

[24] Rec. Doc. 79.

[25] Rec. Doc. 80.

[26] Rec. Doc. 81.

[27] Rec. Doc. 83.

4

reopen" or "motion").  All previously-named state agency defendants opposed Theard's motion to reopen the case a second time on October 31, 2012, claiming that they were unclear as to which of the defendants Theard was seeking to reopen the case.[28]

## II. Parties' Arguments

### A. *Theard's Motion to Reopen*

Theard's motion to reopen names, as defendants, "Department of Civil Service, State of Louisiana, et al," LSBN, "Thomas C. Fain PhD Clinical Psychology" ("Dr. Fain"), and National Practitioner Data Bank.[29]

In Theard's *pro se* motion, she claims that she was "unaware that the Court had dismissed [LSBN];" that she has discovered new evidence warranting that the Court reopen her case; and requests a settlement conference.[30]  Theard also asserts that she has spoken with Carrie LeBlanc Jones, counsel for LSBN, to discuss settlement and reinstatement of her nursing license, but the discussions have been to no avail.[31]  Theard asks this Court for the following relief:

> Reinstatement of all my time my benefits restored, A, B, K, time, back pay from December 27, 2007 to present.  Back pay is 325000.00, future pay 325000.00.  I want to retire with 30 years of service.  Had I still been working that would have five years of service, I had planned on buying back my time of five years.  I pulled down my money from retirement in l986.  My case off of the internet and any written materials. . . . I ask of this Court to have the patients charts that was admitted to Huey P. Long

---

[28] Rec. Doc. 84.

[29] Rec. Docs. 81, 83.

[30] Rec. Doc. 83 at p. 1.

[31] Rec. Doc. 81 at ¶ 2; Rec. Doc. 83 at ¶ 2.

> Hospital on October 24, 2007.  I will give the names of the patients
> to the Court per request.[32]

In the pending motion, Theard also names a new defendant, Dr. Fain, and makes a number of new allegations.  She allegedly visited Dr. Fain in an effort to regain her nursing license.  She avers that she went to see Dr. Fain to get a "return to work slip" after Danielle Smith of LSBN gave her his name as one of two referrals on December 11, 2011.[33]  Theard claims that she had to borrow $2,500 from "shady people" who now want their money back with interest, in order to pay Dr. Fain in advance.[34]  Theard states that she wants a copy of her chart from Dr. Fain and her money returned.  Theard contends that her appointment with Dr. Fain resulted in a lengthy diagnosis, allegedly inconsistent with her doctor's diagnosis.[35]

Finally, Theard alleges that she is unable to work because she would have to be hired "with stipulations," which would make her a liability for the unit.  Therefore, Theard claims she has not worked since November 2007.[36]

### B.  State Agency Defendants' Opposition to the Motion to Reopen

The state agency defendants aver that Theard's motion must be denied for two independently sufficient reasons: "(1) she is barred from asserting these particular claims again due to claim preclusion and the 'two dismissal rule;' and (2) she has not satisfied the

---

[32] Rec. Doc. 83 at ¶ 3.  Minor spelling errors corrected to make the quotation readable.  *See also id.* at ¶ 3.

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.*

requirements of FRCP 60(b) for relief from a judgment on the basis of newly discovered evidence."[37]

First, the state agency defendants argue that Theard's two voluntarily dismissals of this action trigger Federal Rule of Civil Procedure 41(a)(1)(B), which provides that when a plaintiff "previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.[38]   According to the state agency defendants, this rule is generally called the "two dismissal rule,"[39] and operates to bar a plaintiff from filing the same action a third time on the basis of *res judicata*.[40]   Although Theard states that the dismissal was "in error" and she "was unaware that the Court had dismissed [LSBN],"[41] the defendants argue that Theard cannot possibly claim that her case was dismissed in error when she was the party moving for dismissal on two separate occasions.[42]

Second, the state agency defendants contend that even if Theard's claims are not barred, she has failed to meet the requirements for relief from judgment imposed under Federal Rule of Civil Procedure 60(b)(2) on the grounds of newly discovered evidence,[43] which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . newly discovered evidence that, with reasonable

---

[37] Rec. Doc. 84 at p. 1.

[38] *Id.* (quoting Fed. R. Civ. P. 41(a)(1)(B)).

[39] *Id.* (quoting *Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006)).

[40] *Id.* (citing *Commercial Space Mgmt. Co. v. Boeing Co*, 193 F.3d 1074, 1080 (9th Cir. 1999)).

[41] *Id.* at p. 5 (citing Rec. Doc. 83 at p. 1).

[42] *Id.* (citing Rec. Docs. 28, 29, 79).

[43] *Id.* at pp. 5-6.

diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."[44] The defendants rely on Fifth Circuit jurisprudence holding that entitlement to relief under Rule 60(b)(2) requires a party to "demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that evidence is material and controlling and clearly would have produced a different result if present before the original judgment."[45]

The state agency defendants argue that the documents attached as exhibits to Theard's motion do not indicate what the documents are, how they are material to the dismissed claims, that they are newly discovered, or how they would clearly produce a different result.[46] According to the state defendants, the first document[47] is unidentified as to its origin, relevance, and date of discovery by Theard, and therefore falls short of the standard for newly discovered evidence.[48] They also note that the second document[49] cannot be newly discovered by Theard, as it bears her signature dated April 3, 2007.[50] The state agency defendants suggest that the third document[51] email correspondence between Theard's prior counsel and another attorney regarding settlement negotiations in an entirely separate proceeding dated between April and

---

[44] *Id.* at p. 6.

[45] *Id.* (citing *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005)).

[46] *Id.*

[47] Rec. Doc. 83 at pp. 6-12.

[48] Rec. Doc. 84 at p. 6.

[49] Rec. Doc. 83 at p. 13 (labeled as "LSUHSC-HCSD Huey P. Long Medical Center, Annual Skill/Competency Validation").

[50] Rec. Doc. 84 at pp. 6-7.

[51] Rec. Doc. 83 at p. 14.

May of 2008.[52]   The fourth document,[53] according to the state agency defendants, is a copy of an

"Investigations Agreement to Submit to Examinations and/or Monitoring" that Theard executed

on June 26, 2007.[54]   The final document attached to Theard's motion is a copy of a check for

$2,500.00 made payable to "Dr. Thomas Fain Psy Service,"[55] which the state agency defendants

contend cannot be newly discovered evidence as it was executed by Theard on December 11,

2011, before Theard requested dismissal in February 2012.[56]   Thus, the state agency defendants

claim that the case cannot be reopened under Rule 60(b)(2), because Theard has failed to present

any newly discovered evidence that was obtained through the exercise of due diligence, which

would have clearly produced a different result if present before the dismissal.[57]

The state agency defendants also note that Theard has been in regular communication

with Carrie LeBlanc Jones, counsel for LSBN, regarding the requirements for reinstating her

nursing license.[58]   However, the state agency defendants assert that Theard does not "fully

appreciate that any attempts to obtain her [nursing] license are entirely separate from these

proceedings."[59]   They further allege that Theard incorrectly states that she has contacted Ms.

---

[52] Rec. Doc. 84 at p. 7.

[53] Rec. Doc. 83 at pp. 16-19.

[54] Rec. Doc. 84 at p. 7.

[55] Rec. Doc. 83 at p. 19.

[56] Rec. Doc. 84 at p. 7.

[57] *Id.* at p. 7-8.

[58] *Id.*

[59] *Id.* at p. 4.

Jones, counsel for LSBN, to discuss settlement, as this case is no longer in a procedural posture to be settled because it has been dismissed.[60]

As to Theard's attempt to add additional defendants in her motion to reopen, the state agency defendants note that Dr. Fain has never been named in this matter, and the National Practitioner Data Bank, although previously named, has never been served.[61]   The state agency defendants contend that Theard's attempt to reopen a post-judgment proceeding in order to assert claims against new defendants, namely Dr. Fain and the National Practitioner Data Bank, after Theard voluntarily dismissed the original defendants, is not a form of relief recognized by the Federal Rules of Civil Procedure.[62]   The state agency defendants suggest that the motion is essentially a post-judgment motion to amend Theard's complaint, insofar as she is seeking to add new claims as well as new defendants not previously asserted in her original complaint.[63]

Although the defendants recognize that Federal Rule of Civil Procedure 15 requires courts to "freely give leave when justice so requires," they contend that Fifth Circuit precedent has consistently recognized undue delay as sufficient grounds to deny a post-judgment motion for leave to amend.  The state agency defendants rely on the Fifth Circuit's pronouncements in *Briddle v. Scott*,[64] where the court stated that "we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably

---

[60] *Id.* at p. 8.

[61] *Id.* at pp. 3-4.

[62] *Id.* at p. 8.

[63] *Id.* at pp. 8-9.

[64] 63 F.3d 364 (5th Cir. 1995).

have raised the new matter prior to the trial court's merits ruling."[65] Likewise, the state agency defendants cite *Gabriel v. Theriot*,[66] where the Fifth Circuit upheld the district court's refusal to grant the plaintiff's motion to amend, reasoning that the plaintiff had not "given any reason for failing to seek to amend his complaint to add the new defendants named in his motion to amend until after summary judgment was granted dismissing his claims."[67]   Similarly, the state agency defendants argue that Theard has not offered any reason here as to why she did not seek to amend to add Dr. Fain as a defendant prior to voluntary dismissal of her suit, especially when the facts forming the basis of the new claims are virtually identical to the facts set forth in Theard's original complaint.[68]   Finally, the state agency defendants argue that even though post-judgment amendments are occasionally allowed, such amendments properly may be denied where they may substantially prejudice the other parties or are merely a result of a long and unreasonable delay, particularly if the movant was previously aware of the facts upon which the amendment is predicated.[69]

---

[65] Rec. Doc. 84 at p. 9 (quoting *Briddle*, 63 F.3d at 379).

[66] No. 96-CV-243, 1999 WL 1067598 (5th Cir. Oct. 19, 1999).

[67] Rec. Doc. 84 at p. 10 (quoting *Gabriel*, 1999 WL 1067598, at *1).

[68] *Id.* Although the state agency defendants argue that Theard sets forth identical facts in the motion to reopen and the original complaint, Theard's allegations related to Dr. Fain are presented for the first time in the motion to reopen.

[69] *Id.*

### III.  Law and Analysis

#### A.  *Standard Applicable to Pro Se Filings*

The plaintiff here is proceeding without benefit of counsel, and therefore is *pro se*.  The Fifth Circuit has held that "[w]e give *pro se* briefs a liberal construction."[70]  However, this liberal construction given to a *pro se* brief is the only special treatment afforded *pro se* plaintiffs by the court.[71]  *Pro se* plaintiffs are otherwise required to know their legal rights and abide by all applicable procedural rules,[72] and a *pro se* plaintiff's ignorance of or unfamiliarity with court proceedings does not relieve him of this duty.[73]

#### B.  *Motion to Reopen*

Construing Theard's brief liberally, she seeks three forms of relief from this Court.  First, she wants to reopen her case, ostensibly with respect to LSBN as indicated by her statement that she "was unaware that the Court had dismissed [LSBN]."[74]  Second, Theard seeks to assert claims against Dr. Fain, a completely new defendant in this matter.[75]  Third, Theard requests that the Court order a settlement conference.[76]

---

[70] *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012) (citing *Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008)); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

[71] *Washington v. Jackson State Univ.*, 532 F. Supp. 2d 804, 809 (S.D. Miss. 2006) (citing *Callahan v. C.IR.*, No. 99-0295, 2000 WL 1141607, at *1 (M.D. La. Apr. 10, 2000)).

[72] *Id.* (citing *Boswell v. Gov. of Texas*, 138 F.Supp.2d 782, 785 (N.D. Tex. 2000)).

[73] *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).

[74] Rec. Doc. 83 at p. 1.

[75] *See id.* (caption); *id.* at ¶ 3 (describing interactions with Dr. Fain).

[76] *Id.* at p. 1.

    *1.   Reopening the Case under Federal Rule of Civil Procedure 60(b)*

    Theard seeks to reopen this suit, alleging that her dismissal was submitted "in error" and she was "unaware that the Court had dismissed [LSBN]."[77]   Other courts faced with motions to reopen suits that have been voluntarily dismissed have considered them under Federal Rule of Civil Procedure 60, entitled Relief from a Judgment or Order.[78]  Rule 60(b) governs relief from a final judgment when the relief requested is not based upon a clerical mistake, oversight or omission of the court.[79]  Specifically, under Rule 60(b) a court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

A district court's decision to grant or deny a Rule 60(b) motion will be reviewed for abuse of discretion.[80]  In exercising its discretion, a district court must remember that relief under Rule

---

[77] Rec. Doc. 83 at p. 1.

[78] *See Eleby v. Am. Med. Sys., Inc.*, 795 F.2d 411, 412 (5th Cir. 1986) (reviewing motion to reopen 41(b) dismissal as a Rule 60(b) motion); *Chang v. Smith*, 778 F.2d 83 (1st Cir. 1985); *United States v. Mt. Vernon Mem'l Estates, Inc.*, 734 F.2d 1230, 1235 (7th Cir. 1984) (noting that "a district court has the authority under Rule 60(b) to vacate a voluntary dismissal and reopen the case"); *Boehm v. Office of Alien Prop.*, 344 F.2d 194 (D.C. Cir. 1965).

[79] This is in contrast to Rule 60(a) which governs corrections based on clerical mistakes, oversights, and omissions.

[80] *Delgado v. Shell Oil Co.*, 231 F.3d 165, 182 (5th Cir. 2000); *Barrs v. Sullivan*, 906 F.2d 120, 121 (5th Cir. 1990).

60(b) is considered an "extraordinary remedy."[81]  Although not in the context of a *pro se* litigant, the Fifth Circuit has explained that neither strategic miscalculation nor a misapprehension of the law is a sufficient reason to grant Rule 60(b) relief from a party's voluntary actions.[82]  Therefore, federal courts have consistently refused to grant relief under Rule 60(b) where a party voluntarily requested dismissal of a claim.[83]

Construing Theard's brief liberally, her brief could potentially implicate Rule 60(b)(2), upon the discovery of "newly discovered evidence," or Rule 60(b)(6), a catchall provision which allows relief from a final judgment for "any other reason that justifies relief."[84]  "Under Rule 60(b)(2), 'to succeed on a motion for relief from judgment based on newly discovered evidence, [Fifth Circuit] case law provides that a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'"[85]  However, a judgment will not be reopened if the evidence is cumulative and would not have changed the result.[86]

Applying this standard to the instant motion, the purported "new evidence" Theard references in her pleading styled in part as a "Motion to Reopen Case Dismiss Case Submitted in Error Have Discovery of New Evidence" is not addressed substantively in the motion itself.  To

---

[81] *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005).

[82] *Id.* at 192-93.

[83] *Id.* at 192.

[84] *See* Rec. Doc. 84 at pp. 5-6 (construing Theard's motion as one for relief under Rule 60(b)).

[85] *Hesling*, 396 F.3d at 632 (citing *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)).

[86] *Id.* (citing *Trans Mississippi Corp. v. United States*, 494 F.2d 770, 773 (5th Cir. 1974)).

the contrary, all of the facts and events Theard references occurred between October 24, 2007 and June 2011, with the exception of four conversations after the case was dismissed without prejudice between Theard and LSBN's counsel in March, April, and September of 2012.[87]  The parties agree that those conversations covered licensure issues, but Theard alleges that a settlement was also discussed.[88]  Regardless, Theard does not argue that these conversations resulted in the discovery of any new evidence that would support a motion to reconsider a final judgment in this matter.

Theard also attaches five documents to her motion.[89]  Even if this Court were to independently consider the documents, despite Theard's failure to discuss them in her motion, none of the documents indicates that she exercised due diligence in obtaining the information or that any of the information would have produced a different result because she knew of or should have known about all of the documents before voluntarily dismissing her claim in February 2012.  The first document appears to be the "Nursing Service Staff" policies for hospitals in the LSU Health Network.  Theard provides no explanation why, as a former employee of Huey P. Long Medical Center, this document, dated August 20, 2003, was not available to her prior to the voluntary dismissal of this matter.   The second document, an Annual Skill/Competency Validation for Theard from Huey P. Long Medical Center, was signed by her on April 3, 2007. Therefore, she cannot deny knowledge of this document prior to dismissal of this action, and moreover, Theard does not indicate how this information would change the outcome of the case. The third document appears to be an email chain containing settlement negotiations among Jill

---

[87] Rec. Doc. 83 at ¶¶ 1-3.

[88] *Id.* at ¶ 2; Rec. Doc. 84 at pp. 4, 8.

[89] Rec. Doc. 83 at pp. 6-19.

Craft, Crystal LaFleur, and Lenore Feeney, dated between April and May of 2008.   Again, Theard presents no explanation as to the nature of this document, why it was not obtained earlier, or how it would change the outcome of the case.   The fourth document, an Investigations Agreement to Submit to Examinations and/or Mentoring between LSBN and the plaintiff, was executed by Theard on June 26, 2007.   Theard has not made any showing that she exercised due diligence in obtaining this information or how it changes the outcome of the case.   Finally, Theard attaches a check she dated December 16, 2011, and made payable to "Dr. Thomas Fain Psy Service" in the amount of $2,500.00.   Theard had access to this check prior to dismissal of this matter, and she fails to explain how the evidence would affect the disposition of the case. Therefore, Theard's motion and the supporting documentation do not present newly discovered evidence which would warrant relief under Rule 60(b)(2).

While Theard cannot satisfy the standard to obtain relief under Rule 60(b)(2), the Court will now consider if Theard is entitled to have the Court vacate her voluntary dismissal under Rule 60(b)(6), upon a showing that other reasons justify this relief.   The Fifth Circuit has consistently held that "Rule 60(b)(6) motions 'will be granted only if extraordinary circumstances are present.'"[90]   Here, Theard has made no arguments nor demonstrated any facts that would support a finding that extraordinary circumstances exist here to warrant vacating the dismissal of LSBN.   Considering the importance of a judicial process that is predictable, courts must act with caution in reopening judgments under Rule 60(b)(6), which, again, is regarded as an "*extraordinary remedy*."[91]   The caution mandated by the Fifth Circuit in this context and the

---

[90] *Hess v. Cockerell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990)).   *See also Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc).

[91] *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (citing *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998).

fact that Theard voluntarily dismissed this matter twice suggest that in the absence of any compelling argument by Theard, the voluntary dismissal should not be vacated under Rule 60(b)(6).  Although not the basis for the Court's ruling, the Court also notes that granting an extraordinary remedy would be imprudent when Theard may be able to file a new action against LSBN, who was dismissed without prejudice, and newly added defendant, Dr. Fain, assuming any cause of action has not prescribed or that any other procedural or substantive hurdles exist.

### 2.  *Amendment Pursuant to Federal Rule of Civil Procedure 15 after a Prior Dismissal*

Federal Rule of Civil Procedure 15 covers the rules governing the amendment of pleadings.  Rule 15(a) addresses amendments before trial; whereas, Rule 15(b) addresses amendments during and after trial.  Specifically, Rule 15(a) sets forth the instances in which amendments are permitted as a matter of course, and provides that all other amendments proposed before trial may only be made with the opposing party's written consent or the court's leave.[92]

In *Rosenzweig v. Azurix Corp.*,[93] the Fifth Circuit explained that "when a district court dismisses the complaint, but does not terminate the action altogether, the plaintiff may amend under Rule 15(a) with permission of the district court."[94]  In *Whitaker v. City of Houston*,[95] the

---

[92] Federal Rule of Civil Procedure 15(a) states:
> (1)    *Amending as a Matter of Course.*  A party may amend its pleading once as a matter of course within:
>> (A) 21 days after serving it, or
>> (B) If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2)    *Other Amendments*.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

[93] 332 F.3d 854 (5th Cir. 2003).

[94] *Id.* at 864 (citing *Whitaker v. City of Houston*, 963 F.2d 831, 835 (5th Cir. 1992)).

17

Fifth Circuit clarified that "[a] district court's dismissal of the complaint constitutes dismissal of the action when it states or clearly indicates that no amendment is possible-e.g., when the complaint is dismissed with prejudice or with express denial of leave to amend."[96]   In such circumstances or when the district court expressly enters a final judgment dismissing the action, "a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60."[97]   Because Theard's complaint was dismissed by court order upon her motion, and LSBN was dismissed without prejudice, Theard may only amend her complaint with leave of this Court under Rule 15(a).

Leave to amend pleadings, under Rule 15(a), "shall be freely given when justice so requires."  A district court's decision to grant or deny leave to amend a complaint is reviewed for abuse of discretion.[98]   Generally, district courts consider the following factors in deciding whether to grant leave to amend: "(1) undue delay; (2) bad faith; (3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies by any previously allowed amendment; (5) undue prejudice to the opposing party; and (6) futility of amendment."[99]   In *Matter of Southmark, Corp.*,[100] the Fifth Circuit explained that "[a]lthough Rule 15 evinces a bias in favor

---

[95] 963 F.2d 831 (5th Cir. 1992).

[96] *Id.* at 835.

[97] *Rosenzweig*, 33d F.3d at 864.

[98] *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 268 (2004).

[99] *Id.*

[100] 88 F.3d 311 (1996).

of granting leave to amend, it is not automatic,"[101] and leave to amend may be denied if there is a "substantial reason to do so."[102]

In *Mayeaux v. Louisiana Health Service & Indemnity Co.*,[103] the Fifth Circuit reiterated that delay alone is an insufficient basis to deny leave to amend; "the delay must be *undue*, i.e. it must prejudice the nonmoving party or impose unwarranted burdens on the court."[104]  The Fifth Circuit further elaborated that "when late tendered amendments involve new theories of recovery and impose additional discovery requirements, courts of appeal are less likely to find an abuse of discretion due to the prejudice involved."[105]  Ultimately, in *Mayeaux*, the Fifth Circuit upheld the district court's denial of leave to amend, reasoning that the proposed amendment would unduly prejudice the original defendant and the new defendant, whom the plaintiffs proposed to add to the suit, by allowing the plaintiffs to plead a fundamentally different case with new causes of action and different parties after the case was pending in the district court for years and was nearing the close of extensive discovery.[106]

In *Rosenzweig*, the Fifth Circuit affirmed the district court's denial of leave to amend when the plaintiff did not exercise diligence by failing to raise facts available prior to issuance of the district court's dismissal, the motion to amend did not present new information, and the new

---

[101] *Id.* at 315 (internal quotations omitted).

[102] *Id.*

[103] 376 F.3d 420, 427 (5th Cir. 2004).

[104] *Id.*

[105] *Id.* (internal citations omitted).

[106] *Id.*

allegations were supported only by conclusory statements made in newspaper articles.[107] Likewise, in *Whitaker*, the Fifth Circuit found that the district court did not abuse its discretion in denying leave to amend on grounds of lack of due diligence.[108]   There, the plaintiff repeatedly failed to furnish materials to support his race discrimination claim, requested leave to amend thirty days after the court granted the defendant's motion to dismiss, and thereafter, waited an additional month before producing the amended complaint he sought permission to file.[109]

In contrast, in *Dussouy v. Gulf Coast Investment Corp.*,[110] the Fifth Circuit held that the trial court abused its discretion in denying the plaintiff's motion to amend, which was proposed after dismissal of a defendant at the pretrial conference and one week before the trial date.[111] The Fifth Circuit noted that the plaintiff moved to amend within a reasonable time after the dismissal of a defendant necessitated amendment, and promptly upon the trial court's decision that the pleadings were defective.[112]   The fact that the pleadings were defective as a result of the plaintiff's voluntary dismissal of the allegations of conspiracy against that defendant indicated the plaintiff's good faith.[113]   Although the plaintiff was aware of the facts he sought to include throughout the litigation, he was not aware that those facts were necessary to his claim.[114]   The

---

[107] 332 F.3d at 865.

[108] 963 F.2d at 837.

[109] *Id.* at 836-37.

[110] 660 F.2d 594 (Former 5th Cir. Nov. 1981).

[111] *Id.* at 598.

[112] *Id.*

[113] *Id.*

[114] *Id.*

deficiency of the complaint arose, not from the plaintiff's failure to cure deficiencies by previous amendments, but from his changed theory of the case based upon discovery.[115]  The Fifth Circuit found that the defendant would not be prejudiced by the amendment because the challenged conduct of the defendant was essentially the same as that challenged in the initial pleading.[116]

Here, Theard has advanced no justivication in her motion to reopen explaining why the proposed amendment could not have been raised prior to her voluntary dismissal of this matter for the second time.  Theard names Dr. Fain for the first time in her motion to reopen, and seeks to recover $2,500.00 and a copy of her chart from him.[117]  The facts alleged and exhibits attached to Theard's motion relating to Dr. Fain all occurred in December of 2011, prior to Theard's second motion for voluntary dismissal.  The Court is aware that the delay in presenting these facts alone may not warrant denial of leave to amend for undue delay, but Theard is now proposing to add a new defendant and a new cause of action based on newly alleged facts more than five months after this case was dismissed upon her request.  Although Theard's actions do not rise to the level of bad faith, the Court exercises additional caution in granting an amendment when Theard has twice voluntarily dismissed this action.  Even if amendment were permitted, Theard's Motion to Reopen only contains a demand for her money back and allegations that Dr. Fain's diagnosis was inconsistent with another doctor's diagnosis.  Therefore, the face of the motion only contains conclusory allegations unsupported by law or facts sufficient to state a claim against Dr. Fain.  In addition, granting the amendment may be prejudicial to LSBN, as it involves new theories of recovery that would impose additional discovery requirements long

---

[115] *Id.*

[116] *Id.*

[117] Rec. Doc. 83 at pp. 2, 19.

after the matter was dismissed.  As a result of Theard's undue delay, two prior voluntary

dismissals, and potential prejudice to the defendants, the Court will not permit Theard to amend

her pleadings to state allegations against Dr. Fain.

### 3. Applicability of the Two Dismissal Rule of Federal Rule of Civil Procedure 41(a)(1)(B)

The Federal Rules of Civil Procedure address voluntary and involuntary dismissal of

actions in Rule 41.  Specifically, Rule 41(a) governs the permissibility and effect of voluntary

dismissals, both by the plaintiff and by court order.[118]  Generally, under Rule 41(a), any

voluntary dismissal is without prejudice, unless the court order[119] or notice or stipulation of

dismissal[120] filed by the plaintiffs states otherwise.  However, Rule 41(a)(1)(B) creates an

exception to the general rule for voluntary dismissals, which is often called the "two-dismissal"

rule.  The two-dismissal rule states that "if the plaintiff previously dismissed any federal-or state-

---

[118] Federal Rule of Civil Procedure 41(a) states:

(1) *By the Plaintiff.*
(A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
(ii) a stipulation of dismissal signed by all parties who have appeared.
(B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
(2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

[119] *See* Fed. R. Civ. P. 41(a)(2) (stating that the effect of a court ordered dismissal at the plaintiff's request is without prejudice unless the order states otherwise).

[120] *See* Fed. R. Civ. P. 41(a)(1)(B) (stating that "[u]nless the notice or stipulation states otherwise the dismissal is without prejudice").

court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."[121]

Contrary to the defendants' assertions, Federal Rule of Civil Procedure 41(a)(1)(B) is inapplicable here as to LSBN.  The two-dismissal rule does not bar Theard's motion, because her complaint was voluntarily dismissed under Rule 41(a)(2), which provides that a voluntary dismissal by court order is without prejudice, unless stated otherwise in the order.  This Court's Order of Dismissal, issued on February 27, 2012, dismissed the claims against LASERS with prejudice and dismissed the claims against LSBN without prejudice, "pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure."[122]

The state agency defendants cite no authority barring a plaintiff's claim based on the two-dismissal rule, where the dismissal was by Court order under Rule 41(a)(2).  In fact, the defendants rely on a Seventh Circuit case, *Murray v. Conseco*,[123] discussing the two-dismissal rule, but even in that case the court of appeals explained that the two-dismissal rule only applies where the motion for voluntary dismissal is "filed after the answer" and "signed by all parties," therefore Rule 41(a)(1)(B) was not implicated.[124]  Precedent from the Eleventh Circuit has also limited the applicability of the two-dismissal rule to those dismissals under Rule 41(a)(1), explaining that "[t]here is no two dismissal rule set out in Rule 41(a)(2) and we see no basis for

---

[121] Fed. R. Civ. P. 41(a)(1)(B).

[122] Rec. Doc. 80.

[123] 467 F.3d 602 (7th Cir. 2006).

[124] *Id.* at 605.

reading the two dismissal rule to apply where the first dismissal is achieved by motion and order of the court."[125]

Because this Court dismissed Theard's claims pursuant to Rule 41(a)(2) by court order upon her motion, the two-dismissal rule would not bar her claim.  Instead, Theard's ability to re-file her claims would be governed by the terms of the Court's order dismissing her claims.[126]  As indicated in the Court's order, Theard's claims against LSBN were dismissed without prejudice, and therefore not precluded by an "adjudication on the merits," that would result under Rule 41(a)(1)(B).  However, Theard may not bring a new action on the same set of facts against the parties to this litigation that were previously dismissed with prejudice, including the Louisiana Department of Civil Service, Huey P. Long Hospital, National Practitioner Data Bank, U.S. Equal Employment Opportunity Commission,[127] and LASERS.[128]

Furthermore, Theard does not seek to file her claim against LSBN for a third time, which would traditionally implicate the two dismissal rule if the first two dismissals were pursuant to Rule 41(a)(1).[129]  Instead, Theard seeks to reopen this case and add new claims against a new defendant, namely Dr. Fain.   As discussed above, the Court finds that Theard has not

---

[125] *ASX Inv. Corp. v. Newton*, 183F.3d 1265, 1268 (11th Cir. 1999); *Cunningham v. Whitener*, 182 Fed. Appx. 966, 969 (11th Cir. 2006).

[126] *See* Fed. R. Civ. Pro. 41(a)(2) (stating that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" and "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice").

[127] *See* Rec. Doc. 30 (ordering parties' dismissal with prejudice on Marcy 14, 2011).

[128] *See* Rec. Doc. 80 (ordering parties' dismissal with prejudice on February 27, 2012).

[129] *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1076 (9th Cir. 1999) ("[W]hether the second voluntary dismissal is subject to the two dismissal rule such that it operates with prejudice as an adjudication upon the merits is an issue that becomes ripe (and can be determined) only in a third action, if an when one if filed.").

demonstrated that she is entitled to reopen her case under Rule 60(b) or amend her pleadings pursuant to Rule 15(a).

### IV.  Conclusion

Given that Theard has voluntarily dismissed the case twice, she waited five months after this case was voluntarily dismissed to propose an amendment, and the proposed amendment fundamentally alters the nature of the case by adding a new defendant and new claims against that defendant, the Court will deny the pending motion to reopen, insofar as it proposes to amend her complaint.  Further, Theard is not permitted to reopen her case, because of the extraordinary nature of relief under Rule 60(b), and the fact that her claims against the state-agency defendants, aside from LSBN, are precluded by *res judicata*.  Accordingly,

**IT IS HEREBY ORDERED** that Theard's Motion to Reopen is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this  10th day of December, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**